UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BETH EDWARDS,

    Plaintiff,

vs.    Case No.

GENERATIONS AT RIVERVIEW, LLC    **JURY DEMANDED**
An Illinois Limited Liability Company,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, BETH EDWARDS, by and through her attorneys, WILLIAM W.P. ATKINS of JOHNSON, BUNCE & NOBLE, P.C., complaining of Defendants, GENERATIONS AT RIVERVIEW, LLC., an Illinois limited liability company, and alleges as follows:

### JURISDICTION

1. The jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that Defendant retaliated against her in violation of 31 U.S.C. §3730(h).

### VENUE

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391. The claim arose in Tazewell County, Illinois.

3. The incidents complained of occurred from November 1, 2018 to December 13, 2018 in the City of East Peoria, County of Tazewell and State of Illinois.

### PARTIES

4. Plaintiff, Beth Edwards is a citizen of the United States and is a resident of Washington, Illinois.

5. Defendant, Generations at Riverview, LLC, is a limited liability company headquartered and doing business at 500 Centennial Drive, East Peoria, Illinois.

## FACTUAL AND GENERAL ALLEGATIONS

6. Plaintiff, Beth Edwards began working for HCR ManorCare as Business Office Manager in August 2017 at their facility located at 500 Centennial Drive, East Peoria, Illinois.

7. HCR ManorCare's interest in that facility was purchased by Defendant, Generations at Riverview, LLC as of November 1, 2018.

8. Plaintiff was retained in her position when Defendant took over the East Peoria facility.

9. When working for HCR ManorCare, Plaintiff had been supervised by Regional Supervisor, Gwen Boll.

10. After Generations at Riverview LLC took over operations, Stacy Hood replaced Gwen Boll as Regional Supervisor.

11. Among the tasks assigned to Plaintiff while working for HCR ManorCare was to perform payer setup and verification processes and updates as well as performing all duties related to Medicaid pending application and eligibility processes.

12. When Defendant took over operations, Plaintiff was instructed to process Medicaid applications using the existing National Provider Identifier number for HCR ManorCare rather than newly obtained National Provider Identifier number for Generations at Riverview, LLC because Defendant had not obtained a National Provider Identifier number.

13. Plaintiff realized this process was a violation of the law which would result in fraudulent Medicaid claims and refused to process claims in the fraudulent manner requested.

14. Other employees of Defendant submitted the fraudulent claims using HCR

ManorCare's existing National Provider Identifier number.

15. Plaintiff reported these fraudulent activities to HCR ManorCare personnel and to the Office of the Inspector General as well as several supervisors within Generations at Riverview, LLC.

16. Plaintiff had never been disciplined previously by either HCR ManorCare or Defendant.

17. Less than a month after reporting the fraudulent transactions, Defendant terminated Plaintiff's employment on December 13, 2018.

## COUNT 1
## RETALIATORY DISCHARGE-FEDERAL CLAIM

18. Plaintiff re-alleges, restates, and incorporates Paragraphs 1-17 of this Complaint as Paragraph 18 of Count I as if it is fully set forth herein.

19. At all times relevant the False Claims Act, 31 U.S.C.§ 3730(h), was in effect, which states " Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or any other efforts to stop 1 or more violations of this subchapter."

20. Plaintiff reasonably believed that the Medicaid claims presented by Generations at Riverview, LLC were fraudulent claims under 31 U.S.C. § 3729, because they were processed with HCR ManorCare's National Provider Identifier rather than a National Provider Identifier for Generations at Riverview, LLC.

21. Defendant's termination of Plaintiff's employment violated 31 U.S.C. §3730(h).

22. Due to Defendant's actions in unlawfully terminating her employment, Plaintiff has

suffered the loss of wages and benefits from her former position and mental anguish, and has incurred costs and attorney's fees to bring this action. These losses will continue to accumulate during the pendency of this action.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant the following relief to the Plaintiff:

A.  Grant the Plaintiff compensation for her mental anguish, double the amount of back pay, interest on the back pay, attorney's fees and costs as allowed under 31 U.S.C. § 3730(h)(2).

B.  Grant Plaintiff the right to reinstatement with the same seniority status that she would have had if not for the retaliation as allowed under 31 U.S.C. § 3730(h)(2) and;

C.  Grant such other and further relief as the Court may find appropriate.

## COUNT 1I
## RETALIATORY DISCHARGE-STATE CLAIM

23.  Plaintiff re-alleges, restates, and incorporates Paragraphs 1-17 of this Complaint as Paragraph 23 of Count I as if it is fully set forth herein.

24.  At all times relevant the Illinois False Claims Act, 740 ILCS 175/4(g)(1) was in effect, which states " In general, any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by that employee, contractor, agent, or associated others in furtherance of an action under this Section or other efforts to stop one or more violations of this Act."

25.  Plaintiff reasonably believed that the Medicaid claims presented by Generations at Riverview, LLC were fraudulent claims under the Illinois False Claims Act, 740 ILCS 175/3(a)(1)(A), because they were processed with HCR ManorCare's National Provider Identifier

rather than a National Provider Identifier for Generations at Riverview, LLC.

26. Defendant's termination of Plaintiff's employment violated 740 ILCS 175/4(g)(1).

27. Due to Defendant's actions in unlawfully terminating her employment, Plaintiff has suffered the loss of wages and benefits from her former position and mental anguish, and has incurred costs and attorney's fees to bring this action. These losses will continue to accumulate during the pendency of this action.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant the following relief to the Plaintiff:

A. Grant the Plaintiff compensation for her mental anguish, double the amount of back pay, interest on the back pay, attorney's fees and costs as allowed under 740 ILCS 175/4(g)(2)

B. Grant Plaintiff the right to reinstatement with the same seniority status that she would have had if not for the retaliation as allowed under 740 ILCS 175/4(g)(2) and;

C. Grant such other and further relief as the Court may find appropriate.

BETH EDWARDS, Plaintiff

JOHNSON, BUNCE & NOBLE, P.C.,
Her Attorneys

By: _____
For the Firm

William W. P. Atkins, Attorney
Johnson, Bunce & Noble, P.C.
Executive Offices - Parkway Plaza
7800 N. Sommer St., Suite 425
Peoria, IL 61615
Phone: (309) 691-9650
Fax: (309) 691-9651
Email: watkins@peorialawyers.com
Secondary Email: service@peorialawyers.com
Firm No. 47

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BETH EDWARDS,

        Plaintiff,

vs.                              Case No.

GENERATIONS AT RIVERVIEW, LLC
An Illinois Limited Liability Company,

        Defendant.

## AFFIDAVIT

STATE OF ILLINOIS    )
                               ) ss.
COUNTY OF PEORIA  )

    I, William W.P. Atkins, being duly sworn states as follows:

1. I am one of the attorneys representing the Plaintiff in the above referred case.

2. Damages being sought in this case exceed $50,000.00.

3. This affidavit is provided in compliance with Illinois Supreme Court Rule 222(b).

                                              /s/  William W.P. Atkins
                                              William W.P. Atkins

SUBSCRIBED AND SWORN to before me, a Notary Public, on the 3rd day of March, 2020.

                                              /s/  Jacqueline M. Ehrat
                                                       Notary Public

William W. P. Atkins, Attorney
Johnson, Bunce & Noble, P.C.
Executive Offices - Parkway Plaza
7800 N. Sommer St., Suite 425
Peoria, IL 61615
Phone: (309) 691-9650
Fax: (309) 691-9651
Primary Email: watkins@peorialawyers.com
Secondary Email: service@peorialawyers.com
Firm No. 47

"OFFICIAL SEAL"
JACQUELINE M EHRAT
Notary Public, State of Illinois
My Commission Expires 8/23/2022